## Bickel v. Henry Bickel Company, et al.

(Decided June 6, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, No. 2).

1. Corporations—Declaration of Dividend—Equity.—While a court of equity may upon a proper showing by a stockholder compel the directors of a corporation to declare a justified dividend oppressively withheld, such action is only justified upon clear and satisfactory proof of the company's ability to pay a substantial dividend upon its capital stock, after reasonable provision has been made for its present obligations and anticipated needs for a reasonable time in the future.

2. Corporations—Management—Equity.—Not only so, but there must be no room for doubt of the necessity for judicial interference with directors' management of the corporation's affairs.

3. Corporations—Dividends — Stockholders — Pleading. — A petition which does not state that the complaining stockholder has made a request of the directors that a dividend be declared nor that he has been denied access to the company's books or information as to its financial condition, nor that he is in ignorance of its affairs and which does not state facts manifesting the company's ability to pay a dividend on its capital stock does not state a cause of action.

4. Corporations—Value of Stock—Dividends.—The mere fact that the stock of a corporation has a book value in excess of its par value as a result of excess earnings in years past when large dividends were declared connected with the assertion that a large sum was wrongfully charged off during such years to depreciation of equipment, does not manifest a right to dividends in years when the earnings are insufficient to pay dividends or to permit of even a moderate amount being charged off to depreciation of equipment, alleged to consist of a large amount of machinery, such as wagons, scrapers, traction engines, steam shovels, dump cars, cranes, derricks, etc., and a large number of horses and mules, used in the contracting business in which the company is engaged.

EDWARDS, OGDEN & PEAK for appellant.

WILLIAM FURLONG for appellees.

Opinion of the Court by Judge Clarke—Affirming.

A demurrer was sustained to appellant's petition, and following his refusal to plead further, the petition was dismissed from which judgment he is appealing.

After setting out the number of shares of the capital stock of the Henry Bickel Company owned by himself and the other stockholders, all of whom are made defendants, the plaintiff alleges in substance that on July 23, 1914, a stock dividend of one hundred per cent was declared increasing the capital stock from $60,000.00 to $120,000.00, and doubling the amount of stock theretofore owned by each stockholder; that dividends were declared and paid on the stock until 1912, but that, including 1912 and since, no dividends have been declared except the stock dividend in 1914, although the earnings in such years except 1914 have been very large; that the corporation owns and uses in its business as a general contractor a great amount of machinery, such as wagons, scrapers, traction engines, steam shovels, dump cars, cranes, derricks, etc., and also large numbers of horses and mules, the values of which are not stated; that from 1910 to 1913 inclusive, a total of $85,000.00 was wrongfully charged off to depreciation of equipment; that the net earnings after the deductions made for depreciation and in excess of dividends declared were as follows: in 1910, $10,246.78; in 1911, $15,325.36; in 1912, $33,917.69; in 1913, $19,673.64; in 1914, $30.21, and in 1915, $4,122.94; that the stock has a present book value of $162.34 per share; that the excess above $100.00, the par value, represents the accumulated profits and undivided earnings of the company; that the corporation through its directors has failed and refused to distribute to its stockholders any part of these accumulated profits, aggregating $79,930.94 in addition to the $85,000.00 wrongfully charged off to depreciation; that the business and affairs of the corporation have been successfully prosecuted and that the withholding of dividends from the stockholders is not necessary for the success of the business or the preservation or improvement of its property or for any other purpose, and is oppressive and unjust to the minority stockholders, especially to plaintiff; that the profits are unused and are withheld through and by the domination, control and power of Henry Bickel over his co-directors for the sole purpose of endeavoring to reduce the value of the stock so that he

might become the purchaser thereof, especially plaintiff's stock. The prayer asks that the defendants be required (1) to make a full and complete disclosure of the financial condition and affairs of the company, (2) to show what disposition was made of the $85,000.00 charged off to depreciation and (3) to declare a dividend of so much of the profits as may be consistent with the best interests of the company and its stockholders. There is no allegation in the petition that plaintiff has been denied access to the company's books or that he is in ignorance of any fact disclosed thereby, or that they do not truthfully exhibit the company's affairs and condition, so there is no fact alleged that would authorize a judgment for a disclosure of the financial condition and affairs of the company, the first item of relief asked; nor is there anything that could be shown about the $85,000.00 charged off to depreciation that the mere statement doesn't disclose, and the allegation that it was wrongfully made is but the conclusion of the pleader, to support which no facts are alleged; but, even if it were wrongful, to correct the wrong and restore the amount to the books would not increase the company's assets, as the increase on the books would still be in the equipment, and there is certainly nothing in connection with this item of bookkeeping justifying the interference of the courts in the management of the corporation's affairs. So the only question which we need give serious consideration is whether or not the petition alleges facts which show an oppressive withholding of justified dividends; and while the authority of the courts upon a proper showing by a stockholder, to grant such relief is conceded by appellees, it is obvious that such action is only justified upon clear and satisfactory proof of the company's ability to pay a substantial dividend on its capital stock after making reasonable provision for its present obligations and anticipated needs for a reasonable time in the future. Not only so, but there must be no room left for doubt even of the necessity for judicial interference, in order to have a dividend declared, because it is not only the special province of the boards of directors where doubt exists as to the advisability of declaring dividends upon a consideration of the company's resources, its present and future needs in view of present and contemplated undertakings and improvements to determine the matter; but also the duty of the court to refrain from interfering with directors' management if there is any doubt of the

necessity therefor. In fact the very discretion their office confers upon them to administer the company's affairs in such a manner as will in their judgment promote its welfare and insure its continued existence, with such distributions of profits to its stockholders as is consistent with this primary purpose would seem to necessitate that even the directors should resolve a doubt as to the propriety of declaring a dividend at any time against such action.

Therefore it is necessary even before the courts could attempt to decide whether or not a failure to declare dividends was an abuse of the directors' discretion as to be oppressive and unjustified that a complaining stockholder would have to present concretely at least the facts as to the company's resources, its obligations and its needs for another year at least.

It is equally clear that no opinion or mere conclusion of the complaining stockholder could be accorded any weight whatever in overriding the opinion and conclusions of the board of directors on such a matter; and even further still the stockholder ought not to be allowed to secure a court's interference in any event, until he has exhausted his own power as a stockholder within the corporation to secure the adoption by the directors of the policy which he believes to be just and right.

Therefore it seems to us one of the first essentials of a good bill in equity for coercive relief of the kind sought, is an allegation that the petitioner has made demand upon the directors and that they have refused the relief he seeks of the courts.

Measured by these requirements, plaintiff's petition, taking all of its allegations as true as we must upon this inquiry, falls far short of manifesting a right to the relief he seeks or any relief. To begin with, there is no allegation that he has ever requested of the directors that a dividend should be declared, or even suggested to them the propriety of such action, and construing the pleading most strongly against the pleader may we not assume that possibly such a request might have rendered unnecessary an application to the courts? But waiving this question, it does not appear except inferentially that the company has any cash on hands, and we are not informed what are the company's present contracts, or what sum will be required for their completion, or whether it has outstanding indebtedness.

In fact the only facts pleaded are the net earnings and dividends for the years 1910 to 1915 inclusive, to which are added the pleader's conclusion or opinion that the company has no need for an accumulated "book value" surplus alleged to be about $80,000.00 and $85,000.00 alleged to have been wrongfully charged off to depreciation of equipment, which plaintiff asserts as the basis for dividends wrongfully withheld, without an allegation of any kind as to the real value of the stock or the equipment or as to what amount should have been charged off for depreciation of equipment. So far as appears the company's entire assets may be equipment, and it may owe more than the equipment is worth at its present market value, unless we may assume the allegations that the profits, represented by book value in excess of par, are unused and not needed by the company, mean the company has such excess in cash and has no debts or unfinished contracts on hand, which clearly would be unwarranted in construing a pleading on demurrer.

The company is shown to have earned large sums and declared large dividends up until 1914, during which year and the succeeding year, its earnings on a capital stock of $120,000.00 were only $30.21, and $4,122.94 respectively, and in neither of which years was there any charge off for depreciation. So unless we could order the directors to declare a dividend from the "book value" surplus accumulated during a period when dividends were declared ranging from 30% in 1910 and 50% in 1911 in cash to 100% in stock in 1914 for 1912 and 1913, or from $85,000.00 alleged to have been wrongfully charged off to depreciation in equipment, we must look to the $4,153.15 earned in 1914 and 1915. This sum if available and all used for the purpose, would yield a dividend of less than 3½% on the capital stock of $120,000.00. From the few facts pleaded it is quite apparent that the company had a hard time in 1914 making ends meet, and that in 1915 it didn't do so very much more. So it would seem a stockholder who in the years of large earnings (1909 to 1912) had received in cash, dividends amounting to 80%, and a stock dividend (1912-1914) of 100% on his original investment, has but little equity behind his claim that in the hard years (1914-1915) when the company is not much more than existing, the directors shall in order to declare dividends go back through the books and restore the equipment account by

the amount charged off to depreciation and add thereto the accumulated ''book value'' surplus, consisting of we know not what.

Clearly the court did not err in sustaining a demurrer to plaintiff's petition.

Wherefore the judgment is affirmed.